**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MICHAEL A. GREEN**                                                       **PETITIONER**
**ADC #088957**

**VS.**                 **CASE NO.: 5:11CV00334 JMM/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge James M. Moody. Mr. Green – or any party – may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

>Mail your objections and "Statement of Necessity" to:
>
>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

## II. <u>Background</u>

On January 27, 2009, a jury in the Circuit Court of Drew County, Arkansas, found Petitioner Michael A. Green guilty of possession of crack cocaine with intent to deliver. As a result of the conviction, Mr. Green received a sixty-year sentence in the Arkansas Department of Correction, as a habitual offender. (#6-2, p. 75-76)

Mr. Green appealed his conviction, challenging the sufficiency of the evidence and alleging that the trial court erred in denying his motion to dismiss for lack of a speedy trial. Mr. Green testified at trial that the crack cocaine found in his possession was for personal use, and not for sale. He had absconded multiple times before his trial.

The Arkansas Court of Appeals affirmed the conviction, finding that the jury was not obligated to believe Mr. Green's testimony and that the trial court properly excluded Mr. Green's time on the lam from the speedy trial calculation. *Green v. State*, 2010 Ark.App. 151.

On April 22, 2010, Mr. Green filed a Rule 37 petition for post-conviction relief with the trial court. (#2, p. 51-58) He also filed a handwritten brief in support of his petition. (#2, p. 59-79) In the Rule 37 petition, Mr. Green alleged that his trial counsel was ineffective for failing to file a motion to suppress or motion in limine, failing to file a

motion to dismiss for lack of a speedy trial, failing to "secure the rights of the accused to face his accuser," failing to investigate an affirmative defense, failing to find and confer with a material witness, failing to secure the testimony of an expert witness, and for coercing him to confess. (#2, p. 53-56)

The trial court denied the Rule 37 petition, and Mr. Green appealed.[1] On appeal, he did not raise any of the issues raised in the Rule 37 petition. Instead, he sought reversal because the trial court declined to hold a hearing on the Rule 37 petition and refused to consider Mr. Green's brief in support of the petition. (#2, p. 101-107) *Green v. State*, 2011 Ark. 357 (*per curiam*).

Mr. Green filed the current federal habeas corpus petition on December 28, 2011. (#2) Respondent Ray Hobbs argues that Mr. Green procedurally defaulted all the claims raised in the federal habeas petition. (#6) For reasons explained below, Mr. Green's petition should be denied and dismissed.

### III. Discussion

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to every appropriate state court, thereby alerting state courts to the federal nature of his claims and giving the state courts an opportunity to consider and

---

[1] When denying the Rule 37 petition, the trial court declined to consider any additional arguments raised in Mr. Green's brief in support because the brief did not comply with Arkansas Rules of Criminal Procedure Rule 37.1(b). (#2, p. 88-94) It does not appear, however, that Mr. Green raised any issues in his brief that he did not raise in his Rule 37 petition. (#2, p. 51-79)

correct any federal constitutional error. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); 28 U.S.C. § 2254(b) and (c). If claims raised in a federal habeas petition are not properly presented and exhausted in state court, those claims are considered defaulted. The procedural default doctrine applies to state post-conviction proceedings just as it does to trial and direct appeal proceedings. *Kilmartin v. Kemna*, 253 F.3d 1087, 1088 (8th Cir. 2001).

To avoid the procedural-default pitfall in federal court, a state inmate must complete the full round of the state's established appellate review procedures before filing a federal habeas petition. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011). This means that the petitioner must present the same factual and legal bases to the federal courts that were presented to the state courts. *Ward v. Norris*, 577 F.3d 925, 935 (8th Cir. 2009).

Mr. Green timely and properly presented a number of ineffective assistance of counsel claims to the state trial court in his Rule 37 petition. He failed to raise any of these issues, however, in his appeal of the trial court's denial of his Rule 37 petition. Instead, he challenged only the trial court's refusal to grant a hearing on the Rule 37 petition and its refusal to consider the Rule 37 brief he filed in support of his petition. *Green v. State*, 2011 Ark. 357 (*per curiam*).

In his pending federal habeas corpus petition, Mr. Green has alleged that: his trial testimony was a "coerced confession"; he was entrapped; his Fourth Amendment rights

were violated; his right to confront his accuser was violated; he was denied counsel, and his counsel provided ineffective assistance. (#2, p. 6-15) Mr. Green asks the Court to remand the matter to the trial court for "proper Rule 37 proceedings and review." (#2, p. 20)

Some of the claims in Mr. Green's federal habeas petition are similar to some of the claims in his Rule 37 petition. But he did not exhaust any of the pending federal claims through the state appellate process. Mr. Green's failure to raise any of the pending claims in either his direct appeal, or the appeal of the denial of his Rule 37 petition, means he has procedurally defaulted the pending federal habeas claims.

Mr. Green arguably raised a speedy trial claim within his pending ineffective-assistance claim. (#2, p. 11) He exhausted an independent speedy trial issue through his direct appeal, but he procedurally defaulted any speedy trial claim that relies on ineffective assistance of counsel because he did not raise this issue when he appealed the denial of his Rule 37 petition.

On direct appeal, the Arkansas Court of Appeals decided Mr. Green's speedy trial claim based on Arkansas law and the Arkansas Rules of Criminal Procedure. *Green v. State*, 2010 Ark.App. 151. Mr. Green did not raise, and the Arkansas Court of Appeals did not address, any issue implicating federal law or the United States Constitution.

Federal habeas courts are not the arbitrators of state law or state procedure. *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997). Here, Mr. Green raised only state law

speedy trial claims with the state courts, so he has defaulted his federal speedy trial claim. See *Murphy v. King*, 652 F.3d 845, 849 (8th Cir. 2011) (to fairly present a claim to state courts, the petitioner must have referred to a specific federal constitutional right, a constitutional provision, a constitutional case, or a state case rising the federal constitutional issue) (citations omitted). In addition, the claim falls outside the realm of federal habeas review. See 28 U.S.C. § 2254(a) (federal district court can entertain a habeas corpus petition only if the petitioner is in state custody in violation of the United States Constitution or federal laws).

Mr. Green procedurally defaulted all of the claims he presented in this federal petition. The only question, then, is whether Mr. Green can establish cause and prejudice, or, in the alternative, demonstrate that a failure to hear his case would result in a fundamental miscarriage of justice. *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010) (citing *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991)).

    A. *Cause and Prejudice for Default*

Cause for procedural default is established when an objective factor, external to the defense, impedes efforts to comply with the state procedural rules. *Murray v. Carrier*, 477 U.S. 478, 491, 106 S.Ct. 2639 (1986). Mr. Green has not presented any basis for a finding of cause in either his 107-page petition or his 62-page reply. (#2 and #7)

Mr. Green notes that he raised only two issues in his appeal from the denial of his Rule 37 petition: that the trial court erred in refusing to consider his brief; and that the

trial court erred in finding a hearing unnecessary. (#7, p. 5) He conversely claims, however, that he raised all of the pending claims in his appeal, but that the Arkansas Supreme Court failed to address those claims. (#7, p. 6) Mr. Green has not pointed to any evidence to support this assertion.

In his "Abstract And, Brief & Addendum" filed with the Arkansas Supreme Court, Mr. Green "abstracted" the issues raised in his Rule 37 petition. (#2, p. 22-103) As grounds for reversal, however, Mr. Green raised only the two issues addressed by the Arkansas Supreme Court – that the trial court erred in refusing to consider his brief and in finding an evidentiary hearing unnecessary. (#2, p. 42-46)

It is not at all clear why Mr. Green did not challenge the substantive findings of the trial court's denial of his Rule 37 petition in his appeal. It is possible that this failure stemmed from his lack of counsel.

Procedural default does not bar review of an ineffective-assistance-of-counsel claim when the petitioner had no counsel, or counsel failed to raise the issue in the first instance on collateral review. See *Martinez v. Ryan*, __ S.Ct. __, 2012 WL 912950 (2012) (attorney's errors, or the absence of an attorney, at initial review can establish cause to overcome procedural default when errors or lack of counsel caused the default). Procedural default does apply, however, when the failure to preserve the claims occurred on appeal from the collateral review. *Arnold v. Dormire*, – F.3d –, 2012 WL 1082308

(8th Cir. 2012) ("*Martinez* offers no support, however, for the contention that failure to preserve claims on appeal from a postconviction proceeding can constitute cause.")

Mr. Green's failure to present the pending habeas claims in his pro se appeal does not amount to "cause" so as to excuse his procedural default. Because he has not established cause for his default, there is no reason to address prejudice. *Murphy*, 652 F.3d at 850.

B. *Miscarriage of Justice*

Even absent a showing of cause and prejudice, habeas corpus petitioners can overcome procedural default by demonstrating that a court's refusal to hear the petition would result in a miscarriage of justice. To establish a miscarriage of justice, however, Mr. Green would have to show that, based on new evidence, a constitutional violation caused the conviction of someone who is actually innocent. *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). This exception is concerned only with claims of actual innocence, as opposed to legal innocence. *Id*. A claim of actual innocence requires that a petitioner "support his allegation of constitutional error with new reliable evidence." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)). Actual innocence can be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence. *Id*.

Mr. Green has not come forward with any evidence of actual innocence so as to overcome his procedural default. Mr. Green does not deny that he possessed over five

grams of crack cocaine while on parole. He simply argues that he was going to use all of the crack himself, instead of selling it. Because he has not presented any evidence that a failure to hear this petition would result in a miscarriage of justice, he has not overcome his procedural default.

## IV. Conclusion

The Court recommends that Judge Moody dismiss Mr. Green's petition for writ of habeas corpus, with prejudice.

DATED this 16th day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE